The **OMAHA INDEMNITY COMPANY, Plaintiff,**

v.

**ROYAL AMERICAN MANAGERS, INC., et al., Defendants.**

No. 86–0422–CV–W–9.

United States District Court, W.D. Missouri, W.D.

Nov. 6, 1991.

John C. Dods, Peter E. Strand, Joe Rebein, Shook, Hardy & Bacon, Kansas City, Mo., Sheila J. Carpenter, Francis M. Gregory, Jr., James H. Clinger, Sutherland, Asbill & Brennan, Washington, D.C., John W. Bonds, Jr., J.D. Fleming, Jr., Carey DeDeyn, Sutherland, Asbill & Brennan, Atlanta, Ga., for plaintiff.

Byron N. Fox, Byron Neal Fox, P.C., Robert L. Wehrman, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., James M. Kaplan, Wilson, Elser, Msoskowitz, Edelman & Dicker, New York City, Oscar B. Goodman, Goodman, Stein & Chesnoff, Las Vegas, Nev., John L. Hayob, Kevin E. Glynn, Niewald, Waldeck & Brown, Robert W. Cotter, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Thomas O. Baker, Baker & Sterchi, Robert B. Best, Jr., Watson, Ess, Marshall & Enggas, Steven Hurley Mustoe, Jonathon A. Margolies, McDowell, Rice & Smith, P.C., Max W. Foust, Foust, Strother & Frickleton, Duke W. Ponick, Jr, Ponick, Amick, & Allen, Kansas City, Mo., James R. Bell, Murane & Bostwick, Casper, Wyo., for defendants.

Laramie Ins. Co., pro se, Casper, Wyo.

ORDER DENYING UNITED STATES' MOTION FOR EXCEPTION TO PROTECTIVE ORDER

BARTLETT, District Judge.

The United States moves for an exception to the January 26, 1987, Protective Order entered in this case relating to the arbitration and deposition testimony of James R. Wining and Willie A. Schonacher

taken as part of this civil case. The Protective Order allowed the parties to designate testimony or documents as confidential information. Any such confidential information was to be used "solely for purposes of litigation or arbitration between or among the parties to this [action] . . . and shall not be given, shown, made available, discussed or otherwise communicated in any form to anyone other than" counsel for the parties in the litigation, experts, deponents, this court and its employees and the arbitration panel. January 26, 1987, Protective Order at 2.

On July 16, 1991, a federal grand jury returned an Indictment against Wining and Schonacher charging them with conspiracy and interstate transportation of money obtained by fraud. As part of its investigation leading to the criminal charges, the United States obtained copies of transcripts of the arbitration and deposition testimony of Wining and Schonacher. Because Wining and Schonacher had asserted confidentiality under the Protective Order, portions of the transcripts were deleted.

The United States seeks an exception to the Protective Order that would permit the deleted portions of the transcripts to be disclosed and used at the criminal trial(s) of Wining and Schonacher. The United States argues that such disclosure is necessary because the testimony of Wining and Schonacher, including the deleted portions, is highly relevant to the Indictment charges. The United States argues that disclosure is permissible because Wining and Schonacher waived their privilege against self-incrimination with regard to the deleted portions of the transcripts because the Protective Order is based on their desire for confidentiality rather than their privilege against self-incrimination.

Defendants argue that the sanctity of the Protective Order must be preserved to maintain the integrity of the civil justice "system." They note that federal courts have upheld similar protective orders in an effort to foster civil discovery and to protect the parties' reliance on the protective order.

■ The parties cite no authority addressing the precise issue presented here, that is, whether the sanctity of a civil protective order should be preserved in light of the United States' need to gather relevant evidence as part of a criminal investigation. Of the cases cited by the parties, *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291, 294 (2d Cir.1979), is most similar to this case. In *Martindell*, the United States made an informal request (by telephone and letter) to the federal district court for copies of deposition transcripts that were subject to a protective order.[1]

■ The court affirmed the district court's decision to deny the request, concluding that the interest in protecting the efficient resolution of civil disputes outweighed the United States' interest in effective law enforcement. In reaching this conclusion, the court analyzed the competing interests:

> [T]he vital function of a protective order issued under Rule 26(c), F.R.Civ.P., . . . is to 'secure the just, speedy, and inex-

---

1. The court noted that the United States' informal telephone call and letter were not a proper method by which to "insinuate itself into a private civil lawsuit between others." *Martindell*, 594 F.2d at 294. Rather, the proper procedure was either to subpoena the deposition transcripts for use in a pending proceeding such as a grand jury investigation or trial, in which case the issue could be raised by a motion to quash or modify the subpoena, or to seek permissive intervention in the civil action pursuant to Rule 24(b), Federal Rules of Civil Procedure, to obtain vacation or modification of the protective order. *Id.* (citations omitted). Because the district court's treatment of the United States' informal request amounted to a *de facto* grant of permissive intervention to which the defendants did not object, the appellate court deliberately overlooked the procedural error and proceeded as if the defendants had been granted leave to intervene. *Id.*

In a similar fashion, the United States has not proceeded in a procedurally correct manner. It has neither subpoenaed the transcripts and documents at issue nor moved to intervene pursuant to Rule 24(b). However, because defendants have not objected, the United States' Motion for Exception to Protective Order will be treated as a Motion for Permissive Intervention and the United States will be permitted to intervene pursuant to Rule 24 to seek vacation or modification of the Protective Order.

pensive determination' of civil disputes, Rule 1, F.R.Civ.P., by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice. Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences. In short, witnesses might be expected frequently to refuse to testify pursuant to protective orders if their testimony were to be made available to the Government for criminal investigatory purposes in disregard of those orders. On the other side of the ledger there is, of course, the public interest in obtaining all relevant evidence required for law enforcement purposes. However, ... 'the government as investigator has awesome powers' which render unnecessary its exploitation of the fruits of private litigation. Normally the Government may institute or continue a grand jury proceeding and, in connection therewith, subpoena witnesses to testify, regardless of whether they have already testified or furnished documentary evidence in civil litigation.... Should the witnesses then invoke their Fifth Amendment privilege, the Government has the power to offer immunity in exchange for their testimony pursuant to 18 U.S.C. § 6002....

*Id.* at 295–96 (citations and footnotes omitted).

The court then held:

After balancing the interests at stake, we are satisfied that, absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need, none of which appear here, a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government, and that such an order should not be vacated or modified merely to accommodate the Government's desire to inspect protected testimony for possible use in a criminal investigation, either as evidence or as the subject of a possible perjury charge.

*Id.* at 296 (citations and footnote omitted).

The United States has not shown that the grant of the January 26, 1987, Protective Order was improvident. However, a compelling need has been shown by the United States for access to these transcripts if either Wining or Schonacher testifies. Justice is not served if the protective order prevents access to sworn testimony that could be used fairly to impeach a witness at trial. Therefore, if Wining and/or Schonacher testifies in the criminal proceedings and if a proper subpoena is served on someone in possession of the transcripts of the deposition or sworn testimony, I will enter an order releasing the entire transcripts for the purpose of impeachment.

Accordingly, for the reasons stated, it is ORDERED that the United States' Motion for Exception to Protective Order is denied with the understanding that it can be reasserted if Wining or Schonacher testifies at their criminal trial.